## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-61027-BLOOM/Valle

CONSEAL INTERNATIONAL INCORPORATED,

     Plaintiff,

v.

BOLSTER AMERICA, INC., *et al.*,

     Defendants.

_____/

### ORDER

**THIS CAUSE** is before the Court upon Defendants Bolster America, Inc. and David Bolster's ("Defendants") Amended Motion to Dismiss, ECF No. [49] (the "Motion"), Plaintiff Conseal International Incorporated's ("Plaintiff") Amended Complaint, ECF No. [22] (the "Amended Complaint"). Plaintiff filed a Response, ECF No. [50] to the Motion, to which Defendants did not reply. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record, and applicable law. For the reasons set forth below, the Motion is **DENIED**.

### I. Background

Plaintiff is the manufacturer of a human and pet safe rodenticide trademarked under the name "RatX," which it sells to several large nationwide retail stores, including Home Depot and Ace Hardware. Amended Complaint ("A. Compl.") ¶¶ 14-15. Defendants market, promote, and sell a competing product called "RatGon." *Id.* ¶ 18. According to Plaintiff, in their efforts to sell RatGon, Defendants have made numerous misrepresentations regarding RatX to state government officials, retailers, and sales representatives of rodenticide products, regarding the

sufficiency of testing of RatX to support claims regarding its safety; the ability of RatX to meet testing and registration requirements in various states; the legality of distribution of RatX; and the continuing status of RatX on the market. *Id.* ¶ 19. Defendants further misrepresented the nature of RatGon to retailers and sales representatives; specifically, that RatGon is exempt by the Environmental Protection Agency ("EPA"), under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C.§§ 136, *et seq.*, and that they are licensees of Plaintiff. *Id.* ¶¶ 23, 27. The misrepresentations by Defendants have affected Plaintiff's business. *Id.* ¶¶ 24, 26.

As a result, Plaintiff asserts claims for unfair competition and false and misleading advertising (Counts I and II) under the 15 U.S.C. §§ 1051, *et seq.* ("Lanham Act"), in addition to state law claims for tortious interference with business relationships, trade libel, and unfair competition (Counts III, IV, and V). *See generally* A. Compl.

Defendants filed an initial motion to dismiss the Amended Complaint ("Initial Motion"), ECF No. [23], challenging the Court's personal jurisdiction under Fed. R. Civ. P. 12(b)(4). The Initial Motion also challenged the pleading sufficiency of the tortious interference claim. *See* Initial Motion at 16. Thereafter, the parties filed a Joint Notice of Resolution of Pending Motions, ECF No. [46], informing the Court in pertinent part that Defendants would withdraw the Initial Motion, consent to personal jurisdiction in this action, and that they intended to file the present Motion challenging the pleading sufficiency of the Amended Complaint. In the Motion, Defendants seek dismissal of all claims in the Amended Complaint for failure to state a claim.

## II. Legal Standard

Rule 8 of the Federal Rules requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a

complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). Accordingly, a court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). However, although a court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). The Supreme Court was clear that courts "are not bound to accept as true

a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Through this lens, the Court addresses the instant Motion.

### III. Discussion

As noted above, the Motion seeks to dismiss all counts of the Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] In response, Plaintiff argues that Defendants may not raise additional arguments for dismissal not raised in the Initial Motion, and therefore, that the Motion is improper under Rule 12(g). With respect to Defendants' challenge to Counts I, II, and V, the Court agrees that it is improper. *See Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011) (striking second motion to dismiss as improper under Rule 12(g)); *Barfoot v. Dolgencorp, LLC*, Case No. 15-24662-CIV-ALTONAGA/O'Sullivan, 2016 WL 6330588, at *1 (S.D. Fla. Feb. 5, 2016) (denying motion to strike, pursuant to Rule 12(g), based upon earlier filing of motion to dismiss). "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h) further provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Rule 12(h)(3) requires the Court to dismiss at any time if it determines that there is no subject-matter jurisdiction.

The Court finds that none of the exceptions under Rule 12(h) apply in this case. First, no answer under Rule 7(a) has been filed, and thus a motion for judgment on the pleadings under

---

[1] Defendants offer argument specifically with respect to Counts I, II, III, and V, but mention Count IV (trade libel) only in passing with no citation to any legal authority. Motion at 4. Therefore, Defendants' challenge to Count IV, if it may properly be construed as such, is unavailing.

Rule 12(c) would be premature. Second, the parties have not challenged the Court's subject-matter jurisdiction, nor does the Court find that it is lacking in this case. Moreover, the Amended Complaint does not assert any new claims against Defendants, and any challenge regarding the sufficiency of pleading was available to Defendants upon their Initial Motion. Therefore, the Motion is improper under Rule 12(g) with respect to Counts I, II, and V of the Amended Complaint.

Nevertheless, Defendants properly challenged the sufficiency of the tortious interference claim (Count III) in the Initial Motion—a challenge reasserted in the Motion. The parties agree that in order to state a claim for tortious interference, Plaintiff must allege the following: "(1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994). However, Defendants argue that the allegations in the Amended Complaint fail to state a claim for three principal reasons: 1) Plaintiff fails to allege identifiable customers; 2) there are no allegations describing the nature or length of Plaintiff's relationship or the type and volume of product affected by Defendants' interference; and, 3) Plaintiff fails to allege the location of Defendants' tortious conduct sufficiently to state a claim under Florida law. The Court considers each argument in turn.

Under the first prong of a tortious interference claim, "the plaintiff may allege tortious interference with present or prospective customers but no cause of action exists for tortious interference with a business's relationship to the community at large." *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quoting *Ethan Allen, Inc.*, 647 So. 2d at 815) (internal quotations omitted). Stated differently, "an action for tortious

interference with a business relationship requires a business relationship that is evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Id*. (internal citation and quotation omitted). Thus, this cause of action requires the plaintiff to "prove a business relationship with identifiable customers." *Id*. (quoting *Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.*, 687 So. 2d 821, 821 (Fla. 1996)).

Defendants rely on *Becker Designs, Inc. v. Biker Design, Inc.*, No. 6:06-cv-56-ORl-22DAB, 2006 WL 2444075, at *3 (M.D. Fla. Aug. 22, 2006) and *BPI Sports, LLC v. Labdoor, Inc.*, Case No. 15-62212-CIV-BLOOM, 2016 WL 739652, at *8 (S.D. Fla. Feb. 25, 2016) for support, but the Court finds these cases to be inapposite. First, the challenge in *Becker* was based on standing, not pleading insufficiencies. Specifically, the relevant relationship alleged was between the corporate defendant and its customers, not the individuals asserting the claim for tortious interference (who later formed the corporation). 2006 WL 2444075, at *2. The court in *Becker* concluded that because the individuals had no legal rights flowing from the relationship between the corporate defendant and its customers, they lacked standing to assert any claims on the corporation's behalf. *Id*. at *3. Likewise, in *BPI Sports*, this Court determined that allegations regarding "present and prospective customers" and a "targeted customer base," were too vague and speculative to state a claim for tortious interference. The same cannot be said in this case. In the Amended Complaint, Plaintiff properly alleges that it has business relationships with various retailers, including Home Depot and Ace Hardware, who resell its RatX product to the public. A. Compl. ¶¶ 15, 53. As such, the Court finds these customers to be sufficiently identifiable at this stage in proceedings.

Defendants next argue that Plaintiff fails to allege certain specific facts with respect to the nature of Plaintiff's relationship and the type and volume of product affected.  However, Defendants do not cite to any legal authority for the proposition that a claim for tortious interference is subject to a heightened pleading standard.  In fact, such a claim is subject to the standard in Rule 8.  *See Nationwide Life Ins. Co. v. Perry*, No. 9:12-CV-80194, 2012 WL 4838986, at *5 n.6 (S.D. Fla. Oct. 11, 2012) (rejecting argument that tortious interference must be pled with specificity under Rule 9); *Cal. Int'l Chem. Co. v. Neptune Pool Serv., Inc.*, 770 F. Supp. 1530, 1537 (M.D. Fla. 1991) (stating that Rule 8 standard applies to a tortious interference claim).  At this stage, Plaintiff needs only state a claim that is plausible, not probable, but certainly more than merely possible.  *Iqbal*, 556 U.S. at 678.  Under the circumstances, the Court finds that Plaintiff has satisfied its pleading requirements.

Defendants base their final challenge to the sufficiency of the tortious interference claim on the lack of allegations with respect to "when, where and by what means the interference occurred in this state."  However, they also acknowledge twice that they have waived a challenge to personal jurisdiction.  Therefore, to the extent that Defendants seek to reassert a jurisdictional challenge to the Amended Complaint, such a challenge is unavailing and any additional argument that Plaintiff plead with specificity beyond that required by Rule 8 is foreclosed as already discussed herein.

### IV. Conclusion

Plaintiff has sufficiently pled Count III for tortious interference with business relationships.  Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [49]**, is **DENIED**.  Defendant shall **ANSWER** the Amended Complaint, **ECF No. [22]**, **no later November 16, 2016**.

Case No. 16-cv-80577-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 7th day of November, 2016.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

8